**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Jaime ESPINOZA–MEDINA, aka Jaime Espinosa–Medina, Defendant–Appellant.**

**No. 14–10174.**

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 17, 2015.*

Filed Nov. 23, 2015.

Ann L. Demarais, Office of the U.S. Attorney, Tucson, AZ, for Plaintiff–Appellee.

D. Erendira Castillo–Reina, Law Practice of Erendira Castillo, Tucson, AZ, for Defendant–Appellant.

---

* The panel unanimously concludes this case is suitable for decision without oral argument.

*See* Fed. R.App. P. 34(a)(2).

Before: McKEOWN, RAWLINSON, and DAVIS,[**] Circuit Judges.

## MEMORANDUM [***]

Jaime Espinoza–Medina appeals his sentence of 36 months' imprisonment for illegal reentry after deportation in violation of 8 U.S.C. § 1326. Espinoza–Medina asserts that the district court judge committed substantive and procedural error when she applied an eight-level sentencing departure.

1. When reviewing a sentence imposed by a district court, we first determine whether procedural error occurred, and then review the sentence for substantive reasonableness. *See United States v. Carty*, 520 F.3d 984, 993 (9th Cir.2008) (en banc). We must give "significant deference" to a district court's sentencing decision, reviewing for abuse of discretion. *United States v. Ressam*, 679 F.3d 1069, 1086 (9th Cir.2012) (en banc), *as amended*.

2. The district court judge did not rely on clearly erroneous facts, and thus did not commit procedural error. *See United States v. Vanderwerfhorst*, 576 F.3d 929, 935–36 (9th Cir.2009). Rather, the district court judge cited only the facts from Espinoza–Medina's state court plea that she found reliable. The district court judge also permissibly relied on Espinoza–Medina's narcotics arrest. *See id.* at 935 (explaining that "hearsay evidence of unproved criminal activity not passed on by a court . . . may be considered in sentencing") (citations and alteration omitted).

3. The district court judge adequately explained her reasons for departing from the Guidelines Sentencing Range. *See United States v. Ellis*, 641 F.3d 411, 422 (9th Cir.2011). Prior to imposing Espino-

za–Medina's sentence, the district court judge considered the parties' arguments on whether any departures were appropriate, and the parties also submitted sentencing memoranda. A district court judge does not commit procedural error when she listens to arguments on the applicability of departures and considers the arguments against the backdrop of the § 3553(a) factors. *See Carty*, 520 F.3d at 995.

4. The 22–month increase resulting from the departure did not render Espinoza–Medina's sentence substantively unreasonable. *See, e.g., United States v. Mohamed*, 459 F.3d 979, 988–89 (9th Cir.2006) (affirming a sentence where departures resulted in an increase of over 40 months). Here, the judge articulated that a four-level enhancement did not capture the seriousness of an offense that involved a 19-year-old girl being shot multiple times. In addition, the Sentencing Guidelines calculation did not account for the narcotics arrest at all. It is within a district court judge's discretion to apply departures when the judge is of the view that the seriousness of the offense is not captured by the Sentencing Guidelines enhancement, and when a defendant's criminal history is not accurately reflected. *See Ellis*, 641 F.3d at 420–21.

It was within the district court judge's discretion to apply sentencing departures rather than increasing the criminal history category. *See id.* at 420–22. The mitigating factors urged by Espinoza–Medina did not render his sentence substantively unreasonable. *See id.* at 423 (holding a sentence substantively reasonable where the district court judge engaged in a "rational

[**] The Honorable Andre M. Davis, Senior Circuit Judge for the U.S. Court of Appeals for the Fourth Circuit, sitting by designation.

[***] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

and meaningful consideration" of the § 3553(a) factors) (citation omitted).

5. "We REMAND only for the district court to correct the judgment of conviction by removing the reference to 8 U.S.C. § 1326(b)." *United States v. Grajeda,* 581 F.3d 1186, 1197 (9th Cir.2009) (citation omitted).

**AFFIRMED and REMANDED.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.